Presented to the Court by the foreman of the Grand Jury in open Court, in the presence of the Grand Jury and FILED in the U.S. DISTRICT COURT at Seattle, Washington.

September 22, 20 21

Ravi Subramanian, Clerk

By _____ Deputy

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KATHERINE DE LEON EVARISTO,<br><br>Defendant. | CASE NO. **CR21-151RAJ**<br><br>INDICTMENT |

The Grand Jury charges that:

## COUNT 1
### (Immigration Fraud Conspiracy)

1. Between in or about December 2012 through in or about June 2021, in King County, within the Western District of Washington, and elsewhere, Katherine De Leon EVARISTO, and others known and unknown, did knowingly and intentionally conspire and agree together and with each other to commit an offense against the United States, to wit, by obstructing the lawful functions of the U.S. Citizenship and Immigration Services ("USCIS") by deceitful and dishonest means.

2. It was a part and object of the conspiracy that EVARISTO, a United States citizen and employee of the U.S. Customs and Border Protection charged with enforcing U.S. immigration and customs law, and a co-conspirator not named herein ("CC-1"), who

was a resident and citizen of the Philippines, did knowingly enter into a sham marriage for the purpose of evading provisions of the immigration laws.

3. It was a further part and object of the conspiracy for EVARISTO to profit financially by accepting payments from CC-1 and other co-conspirators in exchange for participating in a sham marriage with CC-1 and assisting CC-1 to evade provisions of U.S. immigration laws.

4. In furtherance of the conspiracy and to effect the illegal object thereof, EVARISTO and her co-conspirators committed the following overt acts, among others, in the Western District of Washington and elsewhere:

   a. In or around December 2012, EVARISTO agreed to marry CC-1 so that CC-1 could obtain U.S. immigration benefits, including lawful permanent resident status and citizenship, in exchange for approximately $20,000.

   b. Shortly after this agreement, in or around December 2012, CC-1 and his family wired approximately $10,000 to EVARISTO as an initial payment for EVARISTO's role in this conspiracy. In addition to this initial payment, CC-1 and his family continued to make payments to EVARISTO in furtherance of this conspiracy. In total, EVARISTO received approximately $20,000.

   c. On or around October 4, 2013, EVARISTO filed a petition with USCIS (the "2013 Petition") seeking authorization to allow CC-1 to enter the United States to marry EVARISTO and pursue adjustment of status to lawful permanent resident based on their marriage.

   d. After the 2013 Petition was approved, CC-1 entered the United States from the Philippines on a K-1 fiancé visa on or around February 16, 2015.

   e. On or around February 23, 2015, EVARISTO married CC-1 in San Diego, California, so that CC-1 could obtain immigration benefits from the United States.

   f. On or about April 26, 2017, EVARISTO and CC-1 filed a joint petition with USCIS seeking to remove conditions on CC-1's residence (the "2017

Petition"). In the petition, both EVARISTO and CC-1 falsely affirmed under penalty of perjury that their marriage "was not for the purpose of procuring an immigration benefit."

   g. On or about January 10, 2019, in King County, within the Western District of Washington, EVARISTO and CC-1 were jointly interviewed by USCIS regarding the pending 2017 Petition. During this interview, both EVARISTO and CC-1 falsely reaffirmed under oath that the 2017 Petition was true and correct and provided documentation purporting to show that they had a bona fide marriage. The 2017 Petition was approved on or around March 1, 2019.

   h. On or about January 16, 2019, EVARISTO made an unauthorized query into a federal law enforcement database to check CC-1's immigration status.

   i. On or about March 8, 2019, CC-1 filed an application seeking to become a naturalized U.S. citizen based on his marriage to EVARISTO. CC-1 withdrew this application in or around June 2021 after law enforcement officers uncovered this scheme.

   All in violation of Title 18, United States Code, Section 371.

## COUNT 2
### (False Statement Regarding 2017 Petition)

  5. On or about January 10, 2019, in King County, within the Western District of Washington and elsewhere, Katherine De Leon EVARISTO did knowingly subscribe as true under oath, and aided and abetted and caused the subscription as true under oath, a false statement with respect to a material fact in an application, affidavit, and other document required by the immigration laws and regulations prescribed thereunder, to wit, EVARISTO and CC-1 falsely reaffirmed under oath that the information in their jointly-filed 2017 Petition was true, including that their marriage "was not for the purpose of procuring an immigration benefit."

   All in violation of Title 18, United States Code, Sections 1546(a) and 2.

## FORFEITURE ALLEGATION

  The allegations contained in this Indictment are hereby realleged and incorporated

by reference for the purpose of alleging forfeiture. Upon conviction of either of the offenses alleged in Counts 1-2, Defendant Katherine De Leon EVARISTO shall forfeit to the United States any property that constitutes or is traceable to proceeds she obtained from, and any property or conveyance that facilitated, her commission of the offense. All such property is forfeitable pursuant to Title 18, United States Code, Section 982(a)(6) and includes, but is not limited to, a sum of money in the amount of $20,000 reflecting the proceeds that the defendant obtained from her commission of the offense.

**Substitute Property.** If any of the property described above, as a result of any act or omission of the Defendant:

    a. cannot be located upon the exercise of due diligence;
    b. has been transferred or sold to, or deposited with, a third party;
    c. has been placed beyond the jurisdiction of the court;
    d. has been substantially diminished in value; or
    e. has been commingled with other property which cannot be divided without difficulty,

///

///

it is the intent of the United States to seek the forfeiture of any other property of the Defendant, up to the value of the above-described forfeitable property, pursuant to Title 21, United States Code, Section 853(p).

A TRUE BILL:

DATED: 22 September 2021

*(Signature of Foreperson redacted pursuant to the policy of the Judicial Conference of the United States*

FOREPERSON

_____
TESSA M. GORMAN
Acting United States Attorney

_____
THOMAS M. WOODS
Assistant United States Attorney

_____
SOK TEA JIANG
Assistant United States Attorney

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970